522 F.2d 148
 COMPAGNIE GENERALE TRANSATLANTIQUE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant and Third-Party
Plaintiff-Appellant,
v.
RED STAR TOWING & TRANSPORTATION CO., INC., et al.,
and
TUGS KATHLEEN TRACY AND BRONX 4, their engines, tackle,
etc., in rem, Third-Party Defendants-Appellees.
 Nos. 853, 854, Dockets 74-2159, 74-2678.
 United States Court of Appeals,
Second Circuit.
 Argued May 2, 1975.
Decided June 19, 1975.
 
 Terence Gargan, Atty., Admiralty and Shipping Section, New York (Carla Anderson Hills, Asst. Atty. Gen., New York City, Paul J. Curran, U. S. Atty., S. D. N. Y., Gilbert S. Fleischer, Atty. in Charge, Admiralty and Shipping Section, New York City, of counsel), for defendant and third-party plaintiff-appellant United States.
 David C. Wood, New York City (Hill, Betts & Nash, New York City, of counsel), for plaintiff-appellant Compagnie Generale Transatlantique.
 Stephen J. Buckley, New York City (McHugh, Heckman, Smith & Leonard, New York City, of counsel), for thirdparty defendant-appellee Red Star Towing & Transportation Co., Inc.
 Edward J. Ryan, New York City (Martin & Ryan and Krisel, Beck & Halberg, New York City, of counsel), for third-party defendant-appellee Bronx Towing Line, Inc.
 Before MOORE and MANSFIELD, Circuit Judges, and HOLDEN, District Judge.*
 PER CURIAM:
 
 
 1
 The United States Government appeals from an unreported decision and order of the United States District Court for the Southern District of New York, Kevin T. Duffy, Judge, holding it solely liable for damage caused to the SS FRANCE while moored on the north side of Pier 88, North River, in New York harbor, when it was struck amidships by the bow of the United States Naval vessel USS RALEIGH, which was being moved from the north side to the south side of Pier 90. The owner of the FRANCE brought this action for damages against the United States, which in turn filed a third-party indemnity action against the towing companies that supplied tugs for the moving operation and against the tugs themselves. The government contended below and on this appeal that the negligence or breach of warranty of workmanlike performance of the tugs was the primary cause of the accident. On this appeal the government challenges the district court's dismissal of its third-party complaint.
 
 
 2
 The district court concluded that the overriding cause of the accident was the negligent and erratic fashion in which the government pilot directed the moving operation and that neither the towing companies nor the tugs were responsible for the damage to the FRANCE. It found that the pilot of the RALEIGH started the operation too soon, before the tugs could make themselves fast to the RALEIGH. Thereafter, due to the vessel's movement, the tugs were unable to position themselves so that they could apply the force necessary to turn the RALEIGH. Moreover, the district court found that the government pilot failed to give the proper orders to help turn the RALEIGH into the slip under its own power. These findings of fact are amply supported by the record and are not clearly erroneous.
 
 
 3
 The government's further contention that the tugs breached a warranty of workmanlike performance owed to the government, even though their conduct was nonnegligent, under our recent decision in Fairmont Shipping Corp. v. Chevron International Oil Co., Inc., 511 F.2d 1252 (2d Cir. 1975), must also be rejected. Even assuming a breach of this warranty, the actions of the government pilot here, in proceeding before the tugs could tie up to the RALEIGH and in failing properly to maneuver the RALEIGH, constitutes such "active hindrance" as to preclude any such recovery. Id. at 1260-61.
 
 
 4
 Affirmed.
 
 
 
 *
 Chief Judge of the United States District Court for the District of Vermont, sitting by designation